## MINOR v. ERIE R. CO.

(Supreme Court, Appellate Division, Fourth Department. June 3, 1902.)

RAILROADS—MILEAGE ACT—CONSTITUTIONAL LAW.
  Where the mileage act was unconstitutional as to an established railroad corporation, but not as to such corporations organized after its passage, a new corporation, although succeeding to all the rights of the old railroad company, took them subject to the liabilities imposed by law at that time on railroad companies generally.

Appeal from trial term, Erie county.

Action by George H. Minor against the Erie Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-LIAMS, and HISCOCK, JJ.

Charles B. Wheeler, for appellant.
Adelbert Moot, for respondent.

PER CURIAM. The judgment appealed from should be reversed, and judgment ordered for the plaintiff for one penalty of $50, with costs. The mileage book act was not unconstitutional as to the defendant, for the reason stated by the trial court. Even though unconstitutional as to the New York, Lake Erie & Western Railroad Company, and though the defendant, upon its incorporation, succeeded to all the rights of the old company, yet the defendant, when organized, was a new corporation, and took the rights of the old company subject to all the provisions, duties, and liabilities imposed by law upon railroad corporations generally. The incorporation of the defendant was a privilege granted by the state, and not a right; and when it availed itself of this privilege, it subjected itself to all the conditions imposed upon it by the act under which the incorporation was had. The mileage act is not unconstitutional as to corporations organized, as the defendant was, after the act was passed. See Purdy v. Railroad Co., 162 N. Y. 49, 56 N. E. 508, 48 L. R. A. 669; Railroad Co. v. Pendleton, 156 U. S. 667, 15 Sup. Ct. 413, 39 L. Ed. 574.